Joyce L. RUMLEY, Appellant,

v.

**ALLSTATE INDEMNITY COMPANY
and Ted Pate, Appellees.**

No. 09–95–079CV.

Court of Appeals of Texas,
Beaumont.

Submitted Feb. 29, 1996.

Decided June 20, 1996.

George Barron, Orange, Steven J. Williams, Irving, Jim Herrera, Herrera & Herrera, Dallas, for appellant.

Gordon R. Pate, Joe Michael Dodson, Pate & Dodson, Beaumont, for appellees.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

**OPINION**

BURGESS, Justice.

Joyce L. Rumley sustained personal injuries in a one-vehicle accident. Her husband, Wilbrun R. Rumley, was the driver. Mrs. Rumley filed a claim for benefits with the Rumleys' insurer, Allstate Indemnity Company. Allstate paid personal injury protection benefits, but refused to pay liability because the policy contained a clause which excluded liability coverage "for you or any family member for bodily injury to you or any family member." At the time, the Supreme Court had granted writ of error but had not yet issued an opinion in *National County Mut. Fire Ins. Co. v. Johnson*, 829 S.W.2d 322 (Tex.App.—Austin 1992), *affirmed*, 879 S.W.2d 1 (Tex.1993). The Supreme Court invalidated the exclusion in its decision in *Johnson*, 879 S.W.2d at 5, issued October 27, 1993.

On December 9, 1993, Mrs. Rumley sued Allstate and Ted Pate, a Senior Staff Claim Representative for Allstate, for breach of the duty of good faith and fair dealing, violations of TEX. INS.CODE ANN. art. 21.21 §§ 3, 4(2), 16(a) (Vernon 1981 & Supp.1996), and violations of the Texas Deceptive Trade Practices Act. TEX. BUS. & COM.CODE ANN. ch. 17 (Vernon 1987 & Supp.1996).

On February 28, 1994, Allstate settled Mrs. Rumley's claim against Mr. Rumley's estate for the liability policy limits. The Supreme Court overruled the motion for rehearing in *Johnson* on June 2, 1994. That same day, Allstate filed a motion for summary judgment on the grounds 1) the claim was a third-party claim for which the defendants owed no duty of good faith and fair dealing to Mrs. Rumley; 2) there was a reasonable basis for denying the claim, in that the claim was subject to the family member exclusion, the validity of which was an unsettled issue of law during the relevant time period; and 3) there is no special relationship or contractual privity between Pate and Rumley. The trial court granted summary judgment without stating the reason for granting the motion.

Rumley's sole point of error contends the trial court erred in granting the defendants' motion for summary judgment as a matter of law. The issue on appeal is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). Evidence favorable to the non-movant is to be taken as true, and every reasonable inference must be indulged in favor of the non-movant. *Id.* at 548, 549.

■ A third-party claimant cannot pursue an action against an insurer for unfair claim settlement practices under the Insurance Code. *Allstate Ins. Co. v. Watson*, 876 S.W.2d 145 (Tex.1994); *see also Transport Ins. Co. v. Faircloth*, 898 S.W.2d 269 (Tex.1995)(a third-party claimant under an insurance policy is not a consumer within the meaning of the Texas Deceptive Trade Practices Act.)

■ At oral argument, Mrs. Rumley conceded the threshold issue before this Court is whether her claim is a third-party claim to which *Watson* applies; for if it is, she cannot pursue a bad-faith claim against Allstate and Pate and summary judgment would therefore be proper. Neither party cites a case addressing the existence of a duty of good faith and fair dealing where the claimant is a named insured on the very policy on which the liability claim is made against another named insured. Such claims were barred by the doctrine of interspousal immunity prior to the Supreme Court's decision in *Price v. Price*, 732 S.W.2d 316 (Tex.1987). After *Price* a spouse's claim was barred by Endorsement 575 (the family member exclusion clause) until the Supreme Court's decision in *Johnson*. No published Texas case decided since *Johnson* addresses the precise question before this Court.

■ Mrs. Rumley contends her suit is maintained under *Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 136 (Tex.1988), because she is in a first-party relationship with Allstate. A third-party claimant pays no premiums, has no legal relationship to the insurer, has no special relationship of trust with the insurer, and has no basis to expect or demand the benefits of extra-contractual obligations. *Watson*, 876 S.W.2d at 149. Mrs. Rumley was named as an insured on the policy and premiums were paid from community funds, so she certainly had a contractual relationship with Allstate. The duty to act in good faith does not arise in every situation where there is a contractual relationship between the claimant and the insurer, as demonstrated in those cases where the claimant and the insured both maintained separate policies with the same insurance company. *Caserotti v. State Farm Ins. Co.*, 791 S.W.2d 561 (Tex.App.—Dallas 1990, writ denied).

Appellees rely upon a case from another jurisdiction, *Gianfillippo v. Northland Cas. Co.*, 861 P.2d 308 (Okl.1993). The *Gianfillippo* court rejected the standing argument of a passenger who was covered under the liability policy because she occupied the vehicle, and who sued the insurance company for bad

faith on the theory she was a third party beneficiary to the contract.

A North Carolina woman injured while a passenger in a vehicle driven by her husband filed a bad faith suit based on the insurer's actions in settling her liability claim, which was based on the negligence of her spouse. *Wilson v. Wilson*, 121 N.C.App. 662, 468 S.E.2d 495 (1996). The court held North Carolina does not recognize a cause of action for third-party claimants against the insurer of the adverse party based on unfair and deceptive practices. The court acknowledged Ms. Wilson raised the argument she was a named insured under the policy by virtue of being Mr. Wilson's spouse, but rejected the argument because the record did not support that assertion. The court stated:

> Even assuming for the sake of argument that Ms. Wilson is in fact a named insured . . . Ms. Wilson's tort action stems from the alleged negligence of Mr. Wilson which in turn triggers coverage under [the insurer's] liability coverage provisions for Mr. Wilson, rather than for Ms. Wilson. In short, Ms. Wilson's relationship to [the insurer] in this case is as a third party because she seeks to recover from the insurer's liability coverage provisions for her husband, rather than from a coverage provision provided for her own interest.

*Id.* 468 S.E.2d at 498–499. This is logical reasoning, albeit dicta in an opinion from another jurisdiction.

The relationship between the parties, and the duties arising from that relationship, must be considered in the context of the particular occurrence in dispute. Allstate was obligated to pay under the policy because a claim was made against Wilbrun for Wilbrun's negligence. Although Mrs. Rumley had a contractual relationship with Allstate, the claim underlying the allegations of bad faith in failing to promptly settle for policy limits is based *not* upon benefits payable to her under the policy, but upon her husband's tort liability to her for his negligence. Mr. Rumley and Mrs. Rumley are antagonists, not co-claimants. When Mrs.

Rumley asserted a liability claim against her spouse, she assumed the posture of a third-party claimant.[1] Although Mrs. Rumley had a relationship with Allstate, just as she had a relationship with Mr. Rumley, in the context of her claim based on Mr. Rumley's negligence she was antagonistic to both insurer and spouse, and it cannot be said she dared rely upon Allstate's good faith any more than any other injured party would. While Mrs. Rumley might ultimately benefit from a bad faith claim which Mr. Rumley might pursue against Allstate, that duty is owed to Wilbrun Rumley and *not* to Joyce Rumley. As a third-party claimant, Mrs. Rumley had no standing to assert extra-contractual and statutory claims against appellees for the denial and delay in the payment of her claim. The trial court did not err in granting summary judgment.

We overrule the point of error and affirm the judgment.

AFFIRMED.

STOVER, Justice, concurring.

I would like to believe that the insurance companies deal fairly and in good faith with all members of the public, regardless of status—insured or so-called third-party complainants.

Irrespective of whether Mrs. Rumley is an insured or a third-party claimant, applying the rationale of *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210 (Tex.1988), and *Connolly v. Service Lloyds Ins. Co.*, 910 S.W.2d 557 (Tex.App.—Beaumont 1995, no writ), I would hold that when the present claim was made, the validity of the family member exclusion was an unsettled issue of law. There was a bona fide controversy in the law and that had to be resolved by the Supreme Court. Where the insurer has a reasonable basis to deny or delay payment of the claim, even if that basis is eventually determined by a factfinder to be erroneous, the insured is not liable for the tort of bad faith. *See Lyons v. Millers Casualty Ins. Co. of Texas*, 866 S.W.2d 597, 600 (Tex.1993).

---

1. The potential for conflicting duties mentioned in *Watson*, 876 S.W.2d at 150, might be a real concern in cases such as this, were Allstate to owe a good faith duty to both the claimant and the insured.

In my opinion, the 575 endorsement and the issue pending before the Supreme Court in *National County Mut. Fire Ins. Co. v. Johnson*, 879 S.W.2d 1 (Tex.1993), constituted a reasonable basis for the denial of the claim or delay in payment of same, as a matter of law.

Further, as to the appellant's statutory claims under the Deceptive Trade Practices Act and Insurance Code, a reasonable basis for the denial or delay in payment of a claim will operate to defeat related claims under the DTPA and Insurance Code. *See Walker v. Federal Kemper Life Assur. Co.*, 828 S.W.2d 442 (Tex.App.—San Antonio 1992, writ denied). Accordingly, the trial court did not err in granting the appellees' motion for summary judgment. Therefore, I concur in the judgment entered by the court.