1999 UT 101

**Annette SPERRY, Plaintiff and Appellant,**

v.

**Robert SPERRY and Amco Insurance Co., an Iowa corporation, d/b/a Allied Group Insurance, Defendants and Appellees.**

No. 980312.

Supreme Court of Utah.

Oct. 29, 1999.

Michael A. Katz, Salt Lake City, for plaintiff.

Paul H. Matthews, Jill A. Zender, Salt Lake City, for defendants.

ZIMMERMAN, Justice:

¶ 1 Annette Sperry ("Annette") appeals from the district court's dismissal of her bad faith and misrepresentation claims against her automobile insurer, AMCO Insurance Company ("AMCO"). The trial court found that although she is a named insured under the policy, for purposes of this case she should be considered a third party. Therefore, it held that she could not assert a cause of action for bad faith or misrepresentation based on the insurer's initial refusal to settle her claim. We agree with the trial court. Annette's assertion of a wrongful death claim against her co-insured husband, Robert Sperry ("Robert"), arising out of his operation of the family car in which their son Daniel was killed, placed her in the position of a third party insofar as the duties of her husband's liability insurance carrier were concerned. Therefore, her claims that AMCO made misrepresentations to her and acted in bad faith were properly dismissed.

¶ 2 We begin by addressing the standard of review. When considering the dismissal of a claim for failure to state a cause of action, we recite the facts in the light most favorable to the losing party below. *See Whipple v. American Fork Irrigation Co.*, 910 P.2d 1218, 1219 (Utah 1996). Because a Rule 12(b)(6) dismissal is a legal ruling, we review it for correctness, granting no deference to the district court. *See Larson v. Park City Mun. Corp.*, 955 P.2d 343, 345 (Utah 1998).

¶ 3 On February 15, 1997, Daniel, the son of Robert and Annette, was killed in an automobile accident when Robert fell asleep at the wheel. At the time of the accident, Robert and Annette were insured under an automobile policy issued by AMCO. The policy was sold to both Annette and Robert and paid for with community funds. In purchasing the liability policy, the Sperrys requested a policy limit of $100,000 per person for bodily injury or wrongful death. The policy had a $100,000 liability limit; however, it also contained a household exclusion clause that limited coverage to $25,000 per person if the claiming party was a family member.

¶ 4 After the accident, Annette filed a claim with AMCO against Robert for the wrongful death of Daniel. Relying upon the household exclusion, AMCO offered $25,000 to settle the claim. In her brief to this court, Annette alleged that although AMCO later determined that the household exclusion did not apply, AMCO continued to offer only $25,000.

¶ 5 On September 24, 1997, Annette filed a complaint against Robert for wrongful death. Annette also asserted causes of action against AMCO for bad faith and misrepresentation of the policy limits during the settlement negotiations, and for misrepresentation of the terms of the policy at the time of contracting. Annette sought general, special, and punitive damages.

¶ 6 AMCO filed a motion to dismiss the bad faith and misrepresentation claims under Utah Rule of Civil Procedure 12(b)(6), arguing that as a third party, Annette could not bring such claims. The trial court granted AMCO's motion and dismissed both the bad faith and misrepresentation claims against AMCO. Thereafter, the parties settled the wrongful death claim. Annette now appeals from the dismissal of the misrepresentation and bad faith causes of action.

¶ 7 Turning to our analysis, the only issue on appeal is whether Annette is a first or third party in the context of her claims against AMCO for bad faith and misrepresentation during settlement negotiations.[1] Utah law clearly limits the duty of good faith to first parties to insurance contracts. Consequently, only a first party can sue for breach of that duty. *See Savage v. Educators Ins. Co.*, 908 P.2d 862, 866 (Utah 1995); *see also Ammerman v. Farmers Ins. Exch.*, 19 Utah 2d 261, 430 P.2d 576, 577–78 (1967) (explaining that duty of good faith is owed to first parties to insurance contract, not third-party beneficiaries); *Pixton v. State Farm Mut. Auto. Ins. Co.*, 809 P.2d 746, 749 (Utah Ct.App.1991) ("[T]here is no duty of good faith and fair dealing imposed upon an insurer running to a third-party claimant ... seeking to recover against the company's insured."); *cf. Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 801 (Utah 1985) (defining duty of good faith insurer owes to insured).

¶ 8 In *Beck*, we distinguished first and third parties thus:

We use the term "first party" to refer to an insurance agreement where the insurer agrees to pay claims submitted to it by the insured for losses suffered by the insured.... In contrast, a "third party" situation is one where the insurer contracts to defend the insured against claims made by third parties against the insured and to pay any resulting liability, up to the specified dollar limit.

*Beck*, 701 P.2d at 798 n. 2. However, whether a named insured is a first or a third party, when asserting a liability claim against a co-insured, is an issue of first impression in Utah.

¶ 9 Annette contends that because she is a named insured under the policy, she is a first party and is owed a duty of good faith in all her dealings with AMCO, even when she is suing a co-insured covered by the liability provisions of the policy. Annette relies upon *Dercoli v. Pennsylvania National Mutual Insurance Co.*, 520 Pa. 471, 554 A.2d 906, 910 (1989), in which the Pennsylvania Supreme Court ruled that the insurer owed the insured a duty of good faith when responding to a liability claim filed against a co-insured. However, the *Dercoli* decision is clearly distinguishable because, in *Dercoli*, the insurer assumed a fiduciary relationship with the insured by its actions taken to induce the insured to rely on its advice and not because of the policy relationship. *See id.* at 908. Here, no similar allegations were made. The parties had an adversarial relationship from the time Annette filed the wrongful death claim. This is evidenced by her successful challenge of the applicability of the step-down provision to her claim.[2]

1. Annette also made a claim that AMCO misrepresented the terms of the insurance policy to her and Robert at the time the policy was purchased. The trial court dismissed this claim against AMCO after its determination that Annette was a third party. However, Annette's status as a third party in the wrongful death action and the misrepresentation and bad faith actions based on the settlement negotiations should have no bearing on her claim that AMCO misrepresented the terms of the policy when the policy was purchased. In that context, Annette was a first-party purchaser. However, this issue was not briefed by either party and, as a general rule, we will not address issues that are not briefed on appeal. *See American Towers Owners Ass'n, Inc. v. CCI Mechanical, Inc.*, 930 P.2d 1182, 1185 n. 5

(Utah 1996); *Walker v. U.S. General, Inc.*, 916 P.2d 903, 908 (Utah 1996). Additionally, we understand that the parties, during settlement negotiations, agreed that the household exclusion would not apply and eventually settled the wrongful death claim for the $100,000 policy limit. In light of that circumstance, it is difficult to see how Annette could prove any damages under her misrepresentation claim. Therefore, we decline to address this issue.

2. Annette's reliance on *Delos v. Farmers Insurance Group, Inc.*, 93 Cal.App.3d 642, 155 Cal. Rptr. 843 (1979), and *Klinger v. State Farm Mutual Automobile Insurance Co.*, 895 F.Supp. 709 (M.D.Pa.1995), is misplaced. The decision in *Delos* was based upon a first-party claim for bad

384

¶ 10 AMCO asserts that the characterization of any insured as a first or third party must be transaction-specific. Here, Annette's wrongful death claim was not based upon her own coverage but on Robert's liability coverage for negligence. Therefore, she is properly considered a third party for good faith purposes. In support of its position, AMCO urges this court to adopt the reasoning of *Rumley v. Allstate Indemnity Co.*, 924 S.W.2d 448 (Tex.Ct.App.1996), where the Texas Court of Appeals held that an insured did not have a cause of action for bad faith when suing a co-insured. The Texas court reasoned that because the plaintiff's claim was not based "upon benefits payable to her under the policy, but upon her husband's tort liability to her for his negligence ... she assumed the posture of a third-party claimant" by bringing a liability claim against her husband. *Id.* at 450. The court also noted the conflicting duties that would be imposed upon insurers if such a cause of action was allowed. *See id.* at 450 n. 1.

¶ 11 We find the reasoning of *Rumley* to be consistent with our prior decisions. In the instant case, Annette's claim is based upon her husband's alleged negligence and not upon her own coverage under the policy. AMCO has a contractual duty to defend Robert against the wrongful death claim and pay any resulting liability. *See Ammerman*, 430 P.2d at 578–79. A finding that AMCO also owed Annette a duty of good faith and fair dealing under *Beck* would mean that AMCO owed inconsistent duties simultaneously to both Annette and Robert, creating an almost certain conflict of interest. This would make any such insurer an almost certain target for a claim of breach of one of these duties, in addition to the claim for the underlying negligence. We are loath to create such a Hobson's choice for an insurer absent a clear reason to do so. Here, there is no such reason, either in law or in policy. Therefore, we affirm the trial court's determination that Annette is a third party in her bad faith and misrepresentation actions. Accordingly, we

affirm the trial court's dismissal of Annette's complaint.

¶ 12 Affirmed.

¶ 13 Chief Justice HOWE, Justice STEWART, Justice RUSSON, and Judge JUDKINS concur in Justice ZIMMERMAN's opinion.

¶ 14 Having disqualified herself, Associate Chief Justice DURHAM does not participate herein; District Judge CLINT S. JUDKINS sat.

faith against the insurer in the context of the insured's uninsured motorist coverage. *See Delos*, 155 Cal.Rptr. at 847. Similarly, *Klinger* concerned a first-party claim for underinsured motorist coverage and the interpretation of a Pennsylvania statute. *See Klinger*, 895 F.Supp. at 710, 714.