**Cordelia SMITH, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**No. CIV.01–2182 PHX RCB.**

United States District Court, D. Arizona.

Feb. 14, 2002.

A. Thomas Cole, Law Offices of A. Thomas cole, Casa Grande, AZ, for plaintiff.

Floyd P. Bienstock, Jason Sanders, Steptoe & Johnson, LLP, Phoenix, AZ, for defendant.

## ORDER

BROOMFIELD, Senior District Judge.

Plaintiff Cordelia Smith filed this lawsuit in Arizona Superior Court on October 9, 2001. On November 8, 2001 Defendant Allstate filed a notice of removal with this Court (doc. # 1) claiming federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Thereafter, Allstate filed a motion to dismiss for failure to state a claim (doc. # 2). Smith then filed a motion to remand the action to state court (doc. # 4). In the event the Court does not grant remand, Smith has asked the Court to certify the underlying legal question of Allstate's duty to Smith to the Arizona Supreme Court (doc. # 5). The Court heard oral argument in this matter on February 4, 2002 and now rules.[1]

## I. Background

Smith and her husband were insured under an automobile insurance policy issued by Allstate. Allstate's Notice of Removal (doc. # 1) Ex. 1 at ¶ III. On December 31, 1995, Smith was riding in a vehicle driven by her husband when he entered the intersection of Grand Avenue and 15th Avenue in Phoenix against a red light and collied with another vehicle. *Id.* Smith suffered personal injuries as a result of the accident and her husband's negligence. *Id.* at ¶¶ III–IV.

Allstate offered Smith $30,000 to settle her claim, which was refused. *Id.* at ¶ IV. The case was then taken to arbitration and Smith was awarded $144,310. *Id.* Allstate appealed the arbitration award. *Id.* Smith then brought suit against her husband in state court. *Id.* After a trial, the jury awarded Smith damages in the amount of $240,000. *Id.* Allstate paid the judgment in January, 2000. *Id.* Smith is now suing Allstate for breach of the covenant of good faith and fair dealing. *Id.* at ¶ V.

## II. Remand

Allstate removed this action to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1441. Smith now moves to remand the case based on a lack of diversity of citizenship. The statute governing remand states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Smith is a citizen of Arizona. Allstate's Notice of Removal (doc. # 1) Ex. 1 at ¶ I. Smith argues that jurisdiction does not exist because Allstate is also considered a citizen of Arizona for purposes of this lawsuit. She argues that the exception under 28 U.S.C. § 1332(c)(1) applies. That statute states: "... in any direct action against the insurer of a policy or contract of liability insurance, ... to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a

---

1. On February 4, 2002, the day oral argument was held on Defendant's motion to dismiss, Plaintiff filed an Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Plaintiff continues to assert the same theories advanced in the original Complaint, but adds a theory of assignment of any bad faith claim Plaintiff's husband may have had against Defendants. This last theory was not and could not be part of the motion to dismiss now pending before the Court. Therefore, this Order is directed to the original Complaint and the Amended Complaint in so far as it asserts theories of liability on the basis of Plaintiff's personal bad faith claim against Defendant.

citizen, . . . ." 28 U.S.C. § 1332(c)(1). Allstate contends that a bad faith claim is not a direct action; therefore the § 1332(c)(1) exception does not apply. In the absence of the exception Allstate is a citizen of the state of its incorporation and its principal place of business, both of which are Illinois, and diversity jurisdiction is proper. Allstate's Notice of Removal (doc. # 1) at 2.

■ Smith's arguments against jurisdiction lack merit. The Ninth Circuit has held that "a bad faith action brought by an insured against the insurer is not a 'direct action' within the meaning of 28 U.S.C. § 1332(c)(1). Rather, a direct action is one in which a plaintiff is entitled to bring suit against the tortfeasor's liability insurer without joining the insured." *Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 730 (9th Cir.1993).

■ There is no collateral estoppel against Allstate as Smith claims. The Ninth Circuit has held that the case cited by Smith, *Chavarria v. Allstate Ins. Co.*, 749 F.Supp. 220 (C.D.Cal.1990), was wrongly decided and has since discredited it. *Searles*, 998 F.2d at 728–29. As such, it would be inappropriate to attach any preclusive effect to the *Chavarria* court's determination. *See* Restatement (Second) of Judgments § 28(2). Additionally, Allstate has not admitted that this case is a direct action by citing *General Accident Fire & Life Assurance Corp. v. Little*, 103 Ariz. 435, 443 P.2d 690 (1968), in its motion to dismiss. That case did not address whether a bad faith claim is a direct action and it was not cited by Allstate for any such proposition.

Finally, Smith's contention that this case does not embody the purpose and spirit of the diversity jurisdiction statute while fulfilling its technical requirements is a legislative and not a legal argument. The jurisdiction of this Court has been properly invoked under § 1332, and as such the

Court has an obligation to exercise it. *First State Ins. Co. v. Callan Assoc., Inc.*, 113 F.3d 161, 163 (9th Cir.1997).

## III. Certification to State Supreme Court

Allstate has moved to dismiss Smith's claim because Allstate insists that it had no duty of good faith toward Smith for a claim based on her husband's negligence. Smith has asked that this Court certify the question of Allstate's duty to the Arizona Supreme Court because there is no controlling precedent in Arizona.

■ The Court has discretion to make a decision or certify the question to the state supreme court. *See White v. Celotex Corp.*, 907 F.2d 104, 106 (9th Cir.1990). If the Court chooses to rule it "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Arizona Elec., Power Coop. v. Berkeley*, 59 F.3d 988, 991 (9th Cir.1995). Therefore, the Court looks to factors such as the complexity of the issue, the availability of precedent from lower courts or other jurisdictions, and the magnitude of disagreement on the issue to determine whether certification is appropriate. *See id.; Rigden v. United States*, 795 F.2d 727, 735 n. 6 (9th Cir.1986).

■ In this case, certification is not necessary. The issue of Allstate's duty is not complex. The Court is not required to wade into any intricate or abstruse administrative or statutory scheme. The scope of an insurer's duty of good faith can be defined by reference to well-established common law principles. Furthermore, while there are no cases in Arizona and few precedents from other jurisdictions that address this issue, the decisions that do address this issue appear to be nearly uniform-indicating a lack of serious debate.

*See Sperry v. Sperry,* 990 P.2d 381 (Utah 1999); *Herrig v. Herrig,* 844 P.2d 487 (Wyo.1992); *Rumley v. Allstate Indem. Co.,* 924 S.W.2d 448 (Tex.App.1996); *Wilson v. Wilson,* 121 N.C.App. 662, 468 S.E.2d 495 (1996); *but see Dercoli,* (1988). Given these circumstances the Court will deny Smith's motion.

### IV. Motion to Dismiss

Allstate moves to dismiss Smith's bad faith claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Allstate argues that Smith cannot assert a bad faith claim because insurers have no duty of good faith to third parties. Although Smith was a co-insured under the policy, Allstate contends that she stood in the position of a third-party claimant in seeking damages for her husband's negligence.

■ An insurance company's duty of good faith and fair dealing exists only between the insurer and its insured. An insurance company owes no duty of good faith to a third-party claimant. *Leal v. Allstate Insurance Co.,* 199 Ariz. 250, 17 P.3d 95 (2000). The question raised by the instant action is whether an insured should be considered a third-party claimant when she is injured by a coinsured's negligence and she claims liability benefits under a jointly owned insurance policy.

As discussed previously, there are no Arizona cases addressing this issue. Four jurisdictions have dealt with this question directly, in factual circumstances nearly identical to this case. All four jurisdictions held that an insured is a third-party claimant when seeking benefits based on a co-insured's liability coverage. *Sperry v. Sperry,* 990 P.2d 381 (Utah 1999); *Herrig v. Herrig,* 844 P.2d 487 (Wyo.1992); *Rumley v. Allstate Indem. Co.,* 924 S.W.2d 448 (Tex.App.1996); *Wilson v. Wilson,* 121 N.C.App. 662, 468 S.E.2d 495 (1996).

One reason for treating the co-insured as a third-party claimant is because the coverage is transaction specific. *Sperry,* 990 P.2d at 384; *Rumley,* 924 S.W.2d at 450. In the situation where, as here, a person sues because of the negligence of her spouse, she is seeking benefits based on her husband's coverage and not her own. *Sperry,* 990 P.2d at 384. Her position is that of an antagonist rather than a co-claimant. 924 S.W.2d at 450. As such, she relates to the insurer as a third-party, and it is reasonable that the insurer would respond likewise. *Herrig,* 844 P.2d at 491; *Wilson,* 468 S.E.2d at 498–99.

Another justification for treating a coinsured as a third-party is the conflict of interest that would otherwise be created for the insurance company. This conflict would compromise the insurer's ability to protect the interests of its insured because the insurer would owe an equal yet inconsistent duty to each party. *Sperry,* 990 P.2d at 384; *Herrig,* 844 P.2d at 491–91. It would also "make any such insurer an almost certain target for a claim of breach of one of these duties, in addition to the claim for the underlying negligence." *Sperry,* 990 P.2d at 384.

Finally, the contractual relationship between an insurance company and an insured does not implicate the duty to act in good faith in all situations. In a case where the claimant and the insured hold separate insurance policies with the same insurer the insurance company does not owe a duty to both. *Rumley,* 924 S.W.2d at 449. "In these cases, the courts almost universally hold that the insurer does not owe a duty of good faith and fair dealing to the injured party when he asserts a third-party claim against another of the insurer's insureds." *Herrig,* 844 P.2d at 491.

The one case to the contrary held that an insurer owed a duty of good faith to a claimant where that insurer had affirmatively assumed a position of trust with the claimant by promising to assist with her claims. That insurer's duty, however, only

extended to informing the claimant of her right to seek benefit's under her co-insured's liability coverage and advising her to obtain independent counsel. *Dercoli v. Pennsylvania Nat'l Mut. Ins. Co.*, 520 Pa. 471, 554 A.2d 906 (1989). The rule from this case has been rejected by the Arizona Supreme Court. *Leal v. Allstate Ins. Co.*, 199 Ariz. 250, 17 P.3d 95 (2000).

■ Smith offers three arguments in support of her position that Arizona would allow a bad faith claim to go forward in the present situation.[2] Smith contends that liability under an insurance contract can only be limited by specific language, and no language in Smith's policy limited Allstate's duty of good faith. Smith's argument presupposes that the duty of good faith runs to an insured regardless of circumstance. This is clearly not true. If both the claimant and negligent party were insured by Allstate under separate policies, Allstate would have no duty of good faith to the claimant regardless of contract language. *See Fobes v. Blue Cross & Blue Shield of Ariz., Inc.*, 176 Ariz. 407, 861 P.2d 692 (1993). This is true because good faith is a legal duty overlaid upon on a contractual relationship. Therefore, while the existence of a contractual relationship is a prerequisite to an insurer's duty of good faith, the contract does not define its scope. *Deese v. State Farm Mut. Auto. Ins. Co.*, 172 Ariz. 504, 508, 838 P.2d 1265, 1269 (1992). Moreover, accepting Smith's argument would recognize a dangerous precedent. If insurance companies were allowed to limit or abolish their duty of good faith by contract language they most certainly would do so; then no insured would be protected.

Next Smith contends that treating her as a stranger to the insurance contract deprives her of the security she purchased. She contends that she has paid premiums to Allstate since approximately 1980 for this security. This argument, however, does not address the fact that the security interest she purchased was for her coverage and not necessarily her husband's. Smith points to nothing in her contractual relationship with Allstate that suggests she purchased an added measure of security when suing another of Allstate's insureds, even a joint policy holder. Therefore, treating her as a third-party claimant does not deprive her of any security guaranteed under her contract with Allstate.

Smith further asserts that the conflict of interest created by imposing a duty of good faith on Allstate when suing a co-insured under the policy is not a significant problem. She maintains that for decades insurance carriers have maintained

**2.** At oral argument Plaintiff's attorney raised, for the first time, the argument that insurance premiums paid from community property create a duty of good faith toward the marital community. The Court does not believe this argument makes a difference in the analysis of Plaintiff's individual claims against Defendant. To the extent that it would change the Court's analysis, Plaintiff's argument contradicts established Arizona case law. For example, in *Fobes v. Blue Cross & Blue Shield*, 176 Ariz. 407, 861 P.2d 692 (Ariz.App.1993), the Arizona Court of Appeals held that an insurance company had no duty of good faith to the wife of an insured when they were covered under separate policies, even though the premiums were paid from community property and the medical expenses incurred by the husband were community debts. Plaintiff's argument would dictate the opposite result. If an insurance company owes a duty to the marital community, rather than the individual insured, then the wife in *Fobes* would have been allowed to sue the insurance company for a breach of good faith as a type of third-party beneficiary to the insurance contract, even though she and her husband held separate insurance policies. However, the *Fobes* court determined that the wife did not enjoy any species of third-party beneficiary status under her husband's policy based on a community property argument. *Fobes*, 861 P.2d at 696.

an "absolute right to take conflicting positions" under Arizona law. Opposition to Mot. to Dismiss (doc. # 6) at 3. The only case she cites to support this averment is *United Servs. Auto. Ass'n v. Morris,* 154 Ariz. 113, 741 P.2d 246 (1987). In *Morris,* an insurance company wanted to have complete control over settlement while reserving the right to contest coverage. *Id.* at 251. Recognizing the strong conflict between the insurer's interests and the insured's, and the high potential for abuse if either had absolute control, the Arizona Supreme Court determined that where an insurance company reserves the right to contest coverage the insured has a right to decide whether to accept or reject a settlement offer. *Id.* at 254. Thus, if *Morris* is applicable at all to this situation, it is because this case demonstrates that an insurance company does not have an absolute right to take conflicting positions. If an insurer chooses to take a position that may put it as odds with the insured's interest then the insurers right to act for the insured will be correspondingly diminished. This case strongly suggests that the Arizona Supreme Court would not be inclined to adopt Plaintiff's rule, which would purposely create a direct conflicts of interest between insurers and their insureds.

■ The Court is convinced that the Arizona Supreme Court would follow the nearly unanimous precedent from other jurisdictions and hold that an individual is a third-party claimant when she is injured by a coinsured's negligence and she claims liability benefits under a jointly owned insurance policy. The reasoning of these cases are sound and certainly applicable to the present situation. Additionally, Smith has not demonstrated that any law or policy in Arizona would dictate a different result.

Thus, in conclusion the Court will deny Plaintiff's motion for remand because the Court has diversity jurisdiction. The Court will also deny Plaintiff's request for certification of the question of an insurers duty to a joint policy holder to the State Supreme Court because the issue is not complex and there is a lack of serious debate. Finally, the Court will grant Defendant's motion to dismiss Plaintiff's individual claims because an insurer owes no duty of good faith to a joint policy holder who claims benefits under the joint insured's liability coverage, thereby standing in the position of a third-party claimant. Any theory of liability set out in the Amended Complaint that is based on an assignment of the husband's rights against the insurance company for an alleged breach of the duty of good faith remains.

IT IS ORDERED that Plaintiff's Motion to Remand (doc. # 4) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Request (Motion) to Consider Certification of Question to State Court (doc. # 5) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (doc. # 2) is GRANTED.