No. 12-1254 – <u>Johanna Dorsey v. Progressive Classic Insurance Company</u>

**FILED**

December 27, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Benjamin, Chief Justice, dissenting:

I write separately to reiterate my dissent in *Loudin v. National Liability & Fire Insurance Company*, 228 W. Va. 34, 716 S.E.2d 696 (2011), regarding first-party and third-party rights under insurance contracts. In *Loudin*, the Majority departed from well-established law by imposing a duty of good faith and fair dealing on insurance companies when dealing with third parties, despite the absence of any underlying contractual duty. The Majority's holding in the case *sub judice* furthers the error of *Loudin*, blurring the distinction between first-party and third-party insurance rights. Therefore, I dissent.

In the instant case, the Majority holds that "a guest passenger is a first-party insured under the medical payments section" of an insurance policy where an "insured person" is defined under the policy as "any other person while occupying a covered vehicle." The Majority justifies its new syllabus point by noting that the petitioner, Johanna "Dorsey, who never asserted any claims against the named insured and only asserted a claim under the policy, has characteristics of a first-party insured." The Majority agrees with Dorsey's assertion that her "claims were clearly not claims

1

presented against an 'insured tortfeasor' or their [sic] insurer," concluding that Dorsey must then be a first party, not a third party.

This analysis ignores the simple fact that Dorsey never contracted with the respondent, Progressive Classic Insurance Company ("Progressive"). She never paid insurance premiums to Progressive, and she had no legal relationship with Progressive. The duty of good faith and fair dealing arises in contractual relationships. Here, the contract was between the driver, Joshua Teacoach, and Progressive.

Furthermore, despite the Majority's implication to the contrary, Dorsey did not seek benefits based upon a duty owed directly to her. Instead, the benefits Dorsey sought flowed from Progressive's contractual duty to Teacoach. Thus, even though Dorsey qualifies as an "insured person" under the policy, she is not a first party to the contract; she is a third party. *See, e.g.*, *Gillette v. Estate of Gillette*, 837 N.E.2d 1283, 1289 (Ohio App. 2005) ("[W]e conclude that although appellant is an insured under the [insurance] policy, where she seeks liability coverage for the negligence of the named insured . . . she stands in the shoes of a third-party claimant who is not owed any contractual duty by the insurer."); *Smith v. Allstate Ins. Co.*, 202 F.Supp.2d 1061, 1067 (D. Ariz. 2002) ("The Court is convinced that the Arizona Supreme Court would follow the nearly unanimous precedent from other jurisdictions and hold that an individual is a third-party claimant when she is injured by a coinsured's negligence and she claims liability benefits under a jointly owned insurance policy."); *Rumley v. Allstate Indemnity*

*Co.*, 924 S.W.2d 448, 450 (Tex. App. 1996) ("The relationship between the parties, and the duties arising from that relationship, must be considered in the context of the particular occurrence in dispute. . . . Although [the appellant] had a contractual relationship with [the insurer], the claim underlying the allegations of bad faith in failing to promptly settle for policy limits is based *not* upon benefits payable to her under the policy, but upon her husband's tort liability to her for his negligence."); *Wilson v. Wilson*, 468 S.E.2d 495, 497 (N.C. App. 1996) ("[W]e conclude that North Carolina does not recognize a cause of action for third-party claimants against the insurance company of an adverse party based on unfair and deceptive trade practices . . . ."). To the extent that the Majority opinion finds otherwise, I dissent.