**ATLANTIC SPECIALTY INSURANCE COMPANY, Plaintiff,**

v.

**John TELLER, et al., Defendants.**

**No. CV–16–00540–PHX–SRB**

United States District Court,
D. Arizona.

Signed 12/7/2016

Thomas Harold Crouch, Meagher & Geer PLLP, Scottsdale, AZ, for Plaintiff.

David Sylvester Shughart, III, Keith Thomas Slack, Tracy A. Gromer, Beale Micheaels Slack & Shughart PC, Phoenix, AZ, for Defendants.

## ORDER

Susan R. Bolton, United States District Judge

At issue is Plaintiff's Motion for Summary Judgment ("MSJ") (Doc. 28) and Defendant/Counterclaimants' Response in Opposition to Plaintiff's Motion for Summary Judgment and Cross–Motion for Summary Judgment ("Cross–MSJ") (Doc. 32). The Court also considers Defendants/Counterclaimants' Motion to Certify Insurance Coverage Questions to the Arizona Supreme Court ("MTC") (Doc. 31).

## I. BACKGROUND

This case arises out of an incident in which Defendants John Teller and Francisco Ramos ("Defendants") were loading oil into a tanker trailer for their employer, Fuels, LLC ("Fuels"). (Doc. 29, Pl.'s State-

ment of Undisputed Facts in Supp. of MSJ ("PSOF") ¶¶ 1, 7; Doc. 33, Def./Countercl.'s Statement of Additional and Controverted Facts in Supp. of Resp. in Opp'n to MSJ ("DCSOF") Section II ¶¶ 1, 7.) While they were loading the oil, the hose became disconnected from the trailer and sprayed oil, covering the Defendants. (PSOF ¶ 4; DCSOF Section II ¶ 4.)[1] The oil spray then ignited when it contacted a hot motor, and Defendants sustained serious injuries from the resulting fire. (PSOF ¶¶ 5–6; DCSOF Section II ¶¶ 5–6.) Defendants both received workers' compensation benefits from Fuels' workers' compensation insurer, which they allege are insufficient to fully compensate them for their injuries. (PSOF ¶ 7; DCSOF Section II ¶ 7.) Defendants allege that Fortitude, Inc. ("Fortitude") is the company responsible for managing the facility where the accident occurred and that it failed to create reasonable safety policies for loading flammable fuel products into vehicles. (PSOF ¶ 16; DCSOF Section II ¶ 16.)

Plaintiff Atlantic Specialty Insurance Company insured Fuels and Fortitude under a Business Auto Policy (the "Policy") in effect at the time of the accident. (PSOF ¶¶ 1, 8–9; DCSOF Section II ¶¶ 1, 8–9.) Defendants were loading the oil into a tanker trailer attached to its tractor. (DCSOF Section I ¶ 3; Doc. 38, Pl.'s Obj. and Resp. to DCSOF ("PCSOF") ¶ 3.) Under the Policy, the trailer was only covered for liability insurance while the tractor it was attached to was covered for liability and underinsured motorist ("UIM") coverage. (DCSOF Section I ¶¶ 21–22; PCSOF ¶¶ 21–22.) The Policy provides that the words 'you' and 'your' refer to its Named Insureds throughout the Policy. (DCSOF Section I ¶ 4; PCSOF ¶ 4.) The Named Insureds are listed as Fuels LLC and Fortitude, Inc. (*Id.*) The Policy includes a schedule of covered vehicles entitled "Schedule of Covered Autos You Own." (DCSOF Section I ¶ 5; PCSOF ¶ 5.) The tractor and trailer involved in the incident are listed as autos nine and ten on the schedule. (DCSOF Section I ¶ 6; PCSOF ¶ 6.) Plaintiff alleges that only Fuels owns the two vehicles based on Arizona Department of Motor Vehicles records. (PCSOF ¶ 6.) Defendants filed tort actions in state court against various defendants, including Fortitude, and have made claims as first-party insureds under the UIM coverage of the Policy issued to Fuels and Fortitude. (DCSOF Section I ¶¶ 14–15; PCSOF ¶¶ 14–15.) Plaintiff issued a denial letter to these claims on December 17, 2015 providing several reasons for denial, including that Defendants are not legally entitled to recover damages from Fuels, that Fortitude is not an owner or driver of the vehicles involved, and that the UIM coverage endorsement limits its liability to one coverage form limiting all coverage provided to all insureds for the accident to $1,000,000. (Doc. 33–5, Ex. E—December 17, 2015 Letter Denying UIM Claims at 3, 8.) Plaintiff requests summary judgment that Defendants are not entitled to UIM coverage under the Policy because they are not legally entitled to recover damages against Fuels since they have already recovered workers' compensation benefits, because Fortitude does not own the vehicles involved, and because Defendants were not occupying a covered vehicle. (MSJ at 6–16.) Defendants request summary judgment that they are entitled to UIM coverage under the Policy because receiving workers' compensation benefits does not preclude them from recovering

---

1. Defendants admit that Plaintiff's allegations generally describe what took place and add only that they were following instructions es- tablished by Fuels, LLC and/or Fortitude, Inc. (DCSOF ¶ 4.)

UIM insurance based on Fuels' fault, because Fortitude owns the vehicles under the language of the policy, and because Defendants were occupying the tractor which is a covered vehicle. (Cross–MSJ at 2–15.) Defendants also argue that these coverage issues have not been resolved in Arizona and request that they be certified to the Arizona Supreme Court. (MTC at 5–6.)[2]

## II. LEGAL STANDARDS AND ANALYSES [3]

Under Federal Rule of Civil Procedure 56, summary judgment is properly granted when: (1) there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288–89 (9th Cir. 1987). A fact is "material" when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine dispute of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence if it is supported by affidavits or other evidentiary material, and "all inferences are to be drawn in the light most favorable to the non-moving party." *Eisenberg*, 815

F.2d at 1289; *see also Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. The non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256–57, 106 S.Ct. 2505 (holding that the plaintiff must present affirmative evidence to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

▆ Pursuant to Arizona law, the Arizona Supreme Court may answer questions of law certified to it by a United States District Court upon the certifying court's request if (1) there are state questions of law which may be determinative of the cause then pending in the certifying court and (2) it appears to the certifying court that there is no controlling precedent in the decisions of the Arizona Supreme Court or the Arizona Court of Appeals. A.R.S. § 12–1861; *see also Binford v. Rhode*, 116 F.3d 396, 399 (9th Cir. 1997). Certification, however, is not mandatory where state law is unclear on a particular issue. *Lehman Bros. v. Schein*, 416 U.S. 386, 390–91, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974). Whether to certify a question to the state's highest court lies within the federal district court's discretion. *Id.* If the Court decides to rule on an issue, it "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and re-

**2.** Defendants also argue that Plaintiff may not use an anti-stacking provision in the Policy to limit recovery to only the $1,000,000 liability limit, but do not specifically request summary judgment on the issue. (Cross–MSJ at 16–17.) This issue has also not been briefed by Plaintiff. Therefore this issue is not currently before the Court, and the Court will not certify

any question about stacking to the Arizona Supreme Court.

**3.** Because there is significant overlap in the analysis for the issues involved in the Motions for Summary Judgment and the Motion to Certify, the Court discusses the Motions together by issue.

statements as guidance." *Arizona Elec. Power Coop., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995) (internal citation omitted). "Therefore, the Court looks to factors such as the complexity of the issue, the availability of precedent from lower courts or other jurisdictions, and the magnitude of disagreement on the issue to determine whether certification is appropriate." *Smith v. Allstate Ins. Co.*, 202 F.Supp.2d 1061, 1064 (D. Ariz. 2002).

## A. Preclusion of UIM Coverage by Workers' Compensation

Plaintiff argues that Defendants are not eligible for UIM coverage for Fuels' alleged fault because they are not legally entitled to recover damages against Fuels because they received workers' compensation benefits. (MSJ at 6–11.) Defendants argue that workers' compensation only bars their ability to recover directly from their employer, Fuels, and that Fuels' insurers do not stand in its shoes and cannot invoke its tort defenses. (Cross–MSJ at 2–11.) They therefore argue that to show they are legally entitled to recover from Fuels, they need only show fault and damages, not that they could actually get a judgment. (Cross–MSJ at 3–5.) Defendants also move to certify the question of whether the workers' compensation bar against recovery from an employer for a work-related accident also bars UIM recovery from an insurer when the underinsured motorist is the injured party's employer. (MTC at 5–6.) Neither the parties nor the Court is aware of any case in which this issue has been addressed by an Arizona appellate court. (MTC at 6; Doc. 37, Pl's Combined Mem. in Opp'n to Defs.' Cross Mot. for Summ. J., in Reply in Supp. of MSJ, and in Opp'n to MTC ("Pl.'s Resp.") at 14.) Therefore, this issue may be eligible for certification to the Arizona Supreme Court because it is determinative of whether Defendants can recover UIM in-surance based on Fuels' alleged negligence and it has not been addressed by an Arizona court. *See* A.R.S. § 12–1861. The Court will examine the complexity of the issue, the availability of precedent from other courts, and the magnitude of disagreement among other courts to determine whether certification is appropriate. *Smith*, 202 F.Supp.2d at 1064.

■ The essence of the question before the Court is whether the workers' compensation preclusion of recovery against employers for workplace accidents is also intended to preclude recovery against their automobile insurers when the workplace accident involved an automobile. Resolution of this issue does not require the Court to "wade into any intricate or abstruse administrative or statutory scheme." *Smith*, 202 F.Supp.2d at 1064 (finding certification was not necessary when the issue to be decided is not complex). Therefore, this factor weighs against certification. The Court next considers the availability of other precedent. The parties and the Court agree that there appears to be no precedent on this issue from an Arizona appellate court. (MTC at 6; Pl.'s Resp. at 14.) Courts in other states, however, have addressed the issue. Plaintiff cites cases from 23 states, all of which conclude that a UIM claim is barred by workers' compensation schemes if the claim is based on an employer's or co-employee's fault. (MSJ at 8); *see, e.g., Otterberg v. Farm Bureau Mut. Ins. Co.*, 696 N.W.2d 24, 30 (Iowa 2005) ("The phrase 'legally entitled to recover' cannot be stretched so far as to cover situations when an insured could have never recovered from the uninsured motorist because the law did not provide for any recovery."). Defendants cite a case from Oklahoma that concludes the opposite. (Cross–MSJ at 5–6.) Both parties also cite Arizona statutes and case law that they argue support their

positions. (MSJ at 7; Cross–MSJ at 6.) Because there is a substantial amount of law to guide the Court in its prediction of Arizona law, this factor weighs against certification. As mentioned above, Plaintiff cites 23 cases that support its position while Defendants cite one. Although the Court is not bound to follow the majority approach, this does indicate "a lack of serious debate" about the issue which also weighs against certification. *Smith*, 202 F.Supp.2d at 1064. Finally, the Court views certification as a procedure that should be used sparingly. For all these reasons, the Court denies Defendants' Motion to Certify this issue to the Arizona Supreme Court.

■ The Court therefore determines whether the workers' compensation scheme bars UIM recovery when the underinsured tortfeasor is an employer. Arizona's workers' compensation scheme provides that workers' compensation is "the exclusive remedy against the employer ..." for injuries sustained by an employee. A.R.S. § 23–1022(A). The Policy in this case provides that Plaintiff "will pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'underinsured motor vehicle.'" (Doc. 30–1, Ex. A—Excerpts of Business Auto Policy ("Policy") at 30.) Plaintiff argues that because any claims against Fuels are barred by workers' compensation, Defendants are not legally entitled to recover from it and are therefore not entitled to UIM coverage. (MSJ at 6–7.) Defendants argue that Plaintiff cannot assert Fuels' tort defenses and must only show fault and damages to show that they are legally entitled to recover. (Cross–MSJ at 3.) Defendants cite *Transnational Insurance Company v. Simmons* for support because, in that case, the Arizona Court of Appeals concluded that "legally entitled to recover" only required the insured to show the uninsured motorist's fault and damages. 19 Ariz.App. 354, 507 P.2d 693, 695–96 (1973.) That case, however, dealt with determining whether a UIM claim was barred by the two-year statute of limitations for personal injury claims. *Id.* at 695. It did not deal with the threshold issue of whether a UIM claim is allowed when the law expressly eliminates any claim against the tortfeasor, as is the case here. The state of Iowa has similar precedent to *Transnational* concerning the interpretation of the words "legally entitled to recover" and yet the Iowa Supreme Court still concluded that the workers' compensation exclusive remedy provision bars a UIM claim based on the alleged fault of an employer. *Otterberg*, 696 N.W.2d at 30 (distinguishing between cases in which underlying substantive law provides for a claim which cannot be enforced under particular circumstances and cases in which workers' compensation has replaced traditional tort law and eliminated any underlying cause of action). The Court finds this reasoning persuasive and the most consistent with the purposes of workers' compensation to provide an alternate recovery scheme for workplace injuries. Therefore, the Court concludes that because Arizona's workers' compensation scheme eliminates all causes of action against an employer for a workplace injury, Defendants are not legally entitled to recover based on Fuels' alleged fault, and their UIM claim against Plaintiff is barred. The Court grants Plaintiff's Motion for Summary Judgment on this issue.

### B. Fortitude's Status as an Owner/Driver for UIM Purposes

■ Plaintiff argues that Defendants cannot recover UIM insurance based on Fortitude's alleged fault because both Arizona law and the Policy limit UIM coverage to instances where harm is caused by the owner or driver of an underinsured

vehicle and Fortitude is not the owner or driver of an underinsured motor vehicle. (MSJ at 11–16.) Defendants argue that Fortitude is listed as the owner of the relevant vehicles in the Policy and that Arizona law allows for UIM coverage when an accident arises out of a tortfeasor's use or maintenance of a motor vehicle even when the tortfeasor is neither an owner nor driver of the vehicle. (Cross–MSJ at 11–15.)[4] Insurance policies are construed "according to their plain and ordinary meaning." *First American Title Ins. Co. v. Johnson Bank*, 239 Ariz. 348, 372 P.3d 292, 295 (2016) (citing *Sparks v. Republic Nat. Life Ins. Co.*, 132 Ariz. 529, 647 P.2d 1127, 1132 (1982)). "If the contractual language is clear, [courts] will afford it its plain and ordinary meaning and apply it as written." *Liberty Ins. Underwriters, Inc. v. Weitz Co., LLC*, 215 Ariz. 80, 158 P.3d 209, 212 (2007).

Both Fuels and Fortitude are "Named Insureds" under the Policy, and the Policy provides that "the words 'you' and 'your' refer to the Named Insureds shown in the Declarations." (Policy at 4, 50.) The Policy also has a list entitled "Schedule of Covered Vehicles You Own" on which the tractor and trailer involved in this case are listed as covered autos nine and ten. (Policy at 14.) The Policy clearly provides that the word "you" refers to the Named Insureds, i.e. Fuels *and* Fortitude. Although Fortitude may not hold title to the vehicles, Fortitude is an owner of the tractor and trailer in this case under Plaintiff's Policy's unambiguous language. The Court applies this language as written and concludes that Defendants are entitled to UIM coverage based on Fortitude's alleged fault because Fortitude is an owner or driver of an underinsured motor vehicle.[5] Therefore, the Court grants Defendants summary judgment on this issue.[6]

## C. Defendants' Use of a Covered Motor Vehicle

▮ Plaintiff argues that Defendants are not "insureds" under the Policy because they were only occupying the trailer, which does not have UIM coverage, at the time of the accident. (MSJ at 16–17.) Defendants argue that they were occupying both the tractor and the trailer at the time of the accident and are therefore "insureds" under the Policy because the tractor had UIM coverage. (Cross–MSJ at 15–16.) The Policy provides that the following are "insureds" for purposes of UIM coverage: "[a]nyone 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto.'" (Policy at 30.) For purposes of the Policy, "'[o]ccupying' means in, upon, getting in, on, out or off." (Policy at 32.) Under Arizona law, "if one's activities are in such close proximity to the car and so related to its operation and use that they are an integral part of one's occupancy and use of the car, then one may be said to be 'upon' the car." *Manning v. Summit Home Ins. Co.*, 128 Ariz. 79, 623 P.2d 1235, 1238 (1980) (finding that a passenger standing near the car waiting to put on tire chains was "upon" the car).

---

4. Because the Court concludes that Fortitude is an owner of the vehicles in question per the Policy, it does not consider whether Arizona law allows for UIM claims when the tortfeasor is neither an owner nor driver of a motor vehicle.

5. In so ruling, the Court does not make any conclusions concerning Fortitude's fault or Defendants' damages.

6. Because this issue is resolved by contractual interpretation according to controlling Arizona law, there is no reason to certify whether Defendants are entitled to UIM coverage based on Fortitude's alleged fault to the Arizona Supreme Court. The Court therefore denies Defendants' Motion to Certify on this issue.

In this case, Defendants were loading oil into a tanker trailer that was attached to its tractor. (DCSOF Section I ¶ 3; PCSOF ¶ 3.) Plaintiff agrees that in loading oil into the trailer, Defendants were occupying the trailer but disagrees that they were also occupying the attached tractor. (Pl.'s Resp. at 13.) Because the trailer was attached to the tractor, Defendants were necessarily in close proximity to the tractor during their activities. Furthermore, the Court concludes that because the tractor was attached to the trailer, the tractor's purpose at the time of the accident was to transport the trailer. Therefore, loading the trailer with oil to transport was integral to the function of the tractor at the time, and the Court concludes that Defendants' were occupying both the trailer and the tractor and are thus insureds under the Policy. *Cf. Chavez v. Arizona School Risk Retention Trust, Inc.*, 227 Ariz. 327, 258 P.3d 145, 147 (2011) (finding that students waiting in line to board a school bus when they were hit by a car were using the bus because the bus had its lights and hazards on and was therefore functioning not only to transport the students but also to protect their safety). The Court therefore grants Defendants summary judgment on this issue.

## III. CONCLUSION

The Court grants Plaintiff's Motion for Summary Judgment that Defendants cannot pursue a UIM claim based on Fuels' alleged fault because it is barred by the workers' compensation exclusive remedy provision. The Court grants Defendants' Cross–Motion for Summary Judgment that they can pursue a UIM claim based on Fortitude's alleged fault because Fortitude is also an owner of the vehicles involved in the accident per the Policy. The Court grants Defendants' Cross–Motion for Summary Judgment that they are "insureds" under the Policy because they were occupying the trailer and the tractor at the time of the accident. The Court denies Defendants' Motion to Certify Insurance Coverage Questions to the Arizona Supreme Court because in the Court's discretion, it is not necessary to the resolution of the issues presented.

**IT IS ORDERED** granting in part and denying in part Plaintiff's Motion for Summary Judgment (Doc. 28).

**IT IS FURTHER ORDERED** granting in part and denying in part Defendant/Counterclaimants' Cross–Motion for Summary Judgment (Doc. 32).

**IT IS FURTHER ORDERED** denying Defendants/Counterclaimants' Motion to Certify Insurance Coverage Questions to the Arizona Supreme Court (Doc. 31).