2004 UT 54

**FAIRBOURN COMMERCIAL, INC., a Utah corporation, Plaintiff and Respondent,**

v.

**AMERICAN HOUSING PARTNERS, INC., a Delaware corporation, Defendant and Petitioner.**

No. 20030377.

Supreme Court of Utah.

July 2, 2004.

Neil R. Sabin, Salt Lake City, for plaintiff.

Dennis K. Poole, John L. Adams, Salt Lake City, for defendant.

WILKINS, Associate Chief Justice:

¶ 1 Defendant American Housing Partners, Inc. challenges the court of appeals' decision affirming the trial court's judgment in favor of plaintiff Fairbourn Commercial, Inc., which awarded Fairbourn a real estate commission of $153,000 for American's breach of a single party listing and sale agreement. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 In August 1999, American, an experienced real estate developer, entered into a single party listing and sale agreement with Fairbourn, a real estate brokerage, for the sale of ninety-nine undeveloped lots located in West Jordan (the "property"). The listing agreement identified the prospective buyer as Rochelle Properties, LC. According to the listing agreement, if Fairbourn procured an offer from Rochelle, and if American accepted the terms of the offer, American would pay Fairbourn a commission of $1,500 per lot. The agreement also stipulated that "[all commissions] shall be due and payable at closing." In addition, the agreement specified a sale price of $2,277,000 for the property.

¶ 3 After some negotiation, Rochelle and American eventually agreed to terms for the sale of the property. One clause of the purchase contract between Rochelle and American required Rochelle to demonstrate "financial capability to close" on the sale of the property within fourteen days from execution of the purchase contract. Pursuant to this clause, Rochelle submitted two different letters from First Security Bank attesting to Rochelle's financial capability. However, American rejected the bank's assurances and cancelled the contract without further explanation. American later sold the property to another buyer at a higher price and did not pay a commission to Fairbourn for procuring an offer from Rochelle.

¶ 4 Fairbourn sued American to recover the commission to which it believed it was entitled. The trial court found that American breached the listing agreement and awarded Fairbourn its commission plus attorney fees and costs. American appealed, challenging the trial court's determination that the terms of the purchase contract were ambiguous, the court's taking of extrinsic evidence, and its factual findings based on the evidence submitted. *Fairbourn Commercial, Inc. v. Am. Hous. Partners, Inc.*, 2003 UT App 98, ¶ 14, 68 P.3d 1038. American also argued that the listing agreement did not entitle Fairbourn to a commission until the closing of the Rochelle sale, which

never occurred. The court of appeals disagreed with American on this point and affirmed the trial court's judgment. It concluded that the listing agreement entitled Fairbourn to a commission when American accepted an offer from Rochelle and further noted that the existence of "due and payable at closing" language generally does not create a condition precedent to receipt of a commission. The court of appeals' decision on this ground dispensed with its need to consider American's other arguments on appeal.

¶ 5 On certiorari, American argues that the court of appeals erred when it concluded that the "due and payable at closing" language did not require consummation of the transaction before Fairbourn was entitled to its commission. Alternatively, it argues that the phrase "due and payable at closing" is ambiguous because it could reasonably be interpreted to mean that payment of the commission was conditioned upon closing of the transaction.

## ANALYSIS

### I. STANDARD OF REVIEW

■■■ ¶ 6 On certiorari, we review the court of appeals' decision and not the trial court's. *State ex rel. M.W.*, 2000 UT 79, ¶ 8, 12 P.3d 80. In addition, "[q]uestions of contract interpretation not requiring resort to extrinsic evidence" are matters of law, which we review for correctness. *Zions First Nat'l Bank, N.A. v. Nat'l Am. Title Ins. Co.*, 749 P.2d 651, 653 (Utah 1988).

### II. BROKERAGE COMMISSION RULES

■■ ¶ 7 The first issue American raises on certiorari is whether the court of appeals erred in adopting a general rule that the phrase "at closing," by itself, is not a condition precedent to a broker's receipt of commission. Although not dispositive in this case, the general rule in Utah is that a real estate broker is entitled to its commission when it has procured a buyer who is "ready, willing and able and who is accepted by the seller." *Bushnell Real Estate, Inc. v. Nielson*, 672 P.2d 746, 751 (Utah 1983). American urges us to discard this rule in favor of the rule first enunciated in *Ellsworth Dobbs, Inc. v. Johnson*, 50 N.J. 528, 236 A.2d 843 (1967), which imbues all broker listing agreements with the implied condition that commission is due only if the underlying real estate transaction is consummated. *Id.* at 855. We decline to adopt this rule because absent a contractual provision conditioning a broker's commission on a buyer's performance, "[t]he broker is not an insurer of the subsequent performance of the contract." *Bushnell*, 672 P.2d at 751.

■■■ ¶ 8 The default ready, willing, and able rule may, however, be avoided by agreement. *See, e.g., Lane—Real Estate Dep't Store, Inc. v. Lawlet Corp.*, 28 N.Y.2d 36, 319 N.Y.S.2d 836, 268 N.E.2d 635, 639 (1971). In this case, the parties drafted a listing agreement that avoids the rule. Paragraphs 2 and 4 of the listing agreement provide:

> I[f] ... [Fairbourn] procures, or presents an offer to purchase said property from [Rochelle], at the price and upon the terms and conditions set forth herein, or at any other price or upon any other terms or conditions acceptable to me, I agree to pay a commission equal to *$1,500.00 per lot* [.]
>
> . . . .
>
> A[ll commissions] shall be due and payable at closing[.]

¶ 9 Neither of these provisions addresses Rochelle's ability to buy the property. Instead, the provisions define what constitutes "procuring" Rochelle as a buyer. The agreement thus renders Rochelle's fitness as a buyer unnecessary for Fairbourn to earn a commission. Consequently, the ready, willing, and able rule does not apply.[1]

---

1. The purchase contract does address Rochelle's financial fitness in the financial capability clause, which provides that:

   > Within Fourteen days after execution of this Agreement by both parties, [Rochelle] shall supply to [American] with evidence of financial capability to close on the Property within the time frame referenced above. In the event [Rochelle] is unable to provide said evidence, [American] shall at its sole option cancel this Agreement and neither party shall have any further obligation to the other.

 

## III. DUE AND PAYABLE CLAUSE

¶ 10 The next issue American raises is whether the phrase "[a]ll commissions shall be due and payable at closing" is ambiguous, thereby leading to the conclusion that this clause may represent a condition precedent to payment of the commission. This question is a matter of contract interpretation. "When interpreting a contract, a court first looks to the contract's four corners to determine the parties' intentions, which are controlling. If the language within the four corners of the contract is unambiguous ... a court determines the parties' intentions from the plain meaning of the contractual language as a matter of law." *Bakowski v. Mountain States Steel, Inc.*, 2002 UT 62, ¶ 16, 52 P.3d 1179 (internal citations omitted). "A contract provision is ambiguous if it is capable of more than one reasonable interpretation because of 'uncertain meanings of terms, missing terms, or other facial deficiencies.' " *Winegar v. Froerer Corp.*, 813 P.2d 104, 108 (Utah 1991) (quoting *Faulkner v. Farnsworth*, 665 P.2d 1292, 1293 (Utah 1983)). When interpreting a contract, a court is to consider each provision "in relation to all of the others, with a view toward giving effect to all and ignoring none." *Green River Canal Co. v. Thayn*, 2003 UT 50, ¶ 17, 84 P.3d 1134 (internal quotations omitted).

¶ 11 Here, the due and payable clause is unambiguous, so we review the parties' intentions by examining the plain language of the contract. The plain language of the contract indicates that the due and payable clause is merely a timing clause. If instead we give the clause the construction urged by American, the provision for earning commission would be meaningless. American's promise that if "[Fairbourn] ... procures, or presents an offer ... from [Rochelle] ... I agree to pay a commission" would have no meaning because the due and payable clause would completely control the earning of commission. We cannot ignore American's promise to pay commission upon procurement of a buyer because we must give effect to each contractual provision. *See id.* Thus, the

only tenable conclusion is that the due and payable clause defines the time for paying commission rather than defining a prerequisite to earning commission.

¶ 12 Fairbourn procured Rochelle as a buyer of American's property even though a closing was not reached. Therefore, Fairbourn is entitled to its commission pursuant to the listing agreement.

## CONCLUSION

¶ 13 We affirm the court of appeals' decision. In doing so, we recognize that the ready, willing, and able rule applies to real estate listing agreements but that in this case the parties modified the listing agreement to be independent of the rule. In addition, the due and payable clause in the listing agreement is merely a timing clause and not a precondition to payment. Therefore, we hold, as a matter of law, that Fairbourn earned its commission by procuring an acceptable offer from Rochelle. Affirmed.

¶ 14 Chief Justice DURHAM, Justice DURRANT, Justice PARRISH, and Judge JONES concur in Associate Chief Justice WILKINS' opinion.

¶ 15 Having disqualified himself, Justice NEHRING does not participate herein; District Judge ERNEST W. JONES sat.

---

However, the purchase contract is separate from the listing agreement, so the financial capability clause does not invoke the ready, willing, and able rule.