2004 UT 66

**Chris BLACK, Plaintiff and Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, a corporation, and Shirl Gallagher, an individual, Defendants and Appellee.**

No. 20020815.

Supreme Court of Utah.

Aug. 17, 2004.

Rehearing Denied Nov. 10, 2004.

1164

Eric P. Hartman, Salt Lake City, for plaintiff.

Christian W. Nelson, Salt Lake City, for defendant Allstate Insurance Company.

DURRANT, Justice:

¶ 1 Plaintiff Chris Black appeals from a summary judgment dismissing his claim against Allstate Insurance Company, his automobile insurance carrier. Black alleges that Allstate breached both contractual and fiduciary duties to deal in good faith when it failed to adequately investigate the facts of an accident that involved Black and another party who was also insured by Allstate. The district court granted summary judgment in favor of Allstate, finding that Black did not have standing to bring a direct action against Allstate. We conclude that Black properly asserted a claim for relief against Allstate and that summary judgment was inappropriate. We reverse and remand for further proceedings consistent with this opinion.

## BACKGROUND

¶ 2 On April 12, 1996, Chris Black was in his car heading northbound on West Temple Street in Salt Lake County. He stopped in the intersection at 3300 South and waited for traffic to clear in order to make a left turn. As the light turned red, an oncoming vehicle ran the red light. Black then attempted to turn left in order to clear the intersection as the east and westbound cross traffic began to proceed. As Black was completing his turn, another vehicle, driven by Shirl Gallagher, ran the red light and smashed into Black's car. According to the sole known eyewitness, Gallagher could have stopped before reaching the intersection and Black had no opportunity to avoid the accident. However, the responding police officer issued citations to both Gallagher and Black. Gallagher was cited for running a red light, while Black was cited for making an improper left turn.[1]

¶ 3 As a result of the accident, Black sustained approximately $4,000 in property damage to his car. Both Black and Gallagher were insured by Allstate Insurance Company. After the accident, both Black and Gallagher submitted claims to Allstate for their respective damages: Black submitted his claim to Allstate in its capacity as the liability insurer of Gallagher, and Gallagher submitted his claim to Allstate in its capacity as the liability insurer of Black. Allstate proceeded to evaluate both claims, but apparently did not contact the only eyewitness. Allstate concluded that, "in light of all the information available, and based on past experiences with similar situations, jury verdicts, arbitration awards, etc., ... the fair decision on this case was 60/40 adverse to [Black's] left turning vehicle." Thus, Allstate found Black to be primarily at fault, denied his claim, and adjusted his premiums accordingly.

¶ 4 On December 31, 1998, Black brought an action against Gallagher and Allstate. Black's claim against Gallagher asserted that Gallagher was fully responsible for the accident and should therefore compensate Black in the amount of approximately $4,000. Black's claim against Allstate was that Allstate breached its fiduciary duty to fairly and in good faith represent Black's interests with respect to Gallagher's claim, including "conducting a thorough investigation of the accident to make a reasonable determination in processing the claim." Black believed Allstate's investigation of the accident to be inadequate because Allstate relied only on the police citations and did not contact the sole eyewitness. Black asserted that, due to Allstate's breach, he had been damaged "by increased premiums paid ... as well as loss-

---

1. Black indicates that his citation was subsequently dismissed, while Gallagher forfeited bail on his citation.

es due to decreased insurability." Black also sought punitive damages against Allstate.

¶ 5 In response to Black's allegations, Allstate filed a motion for summary judgment, asserting that Black could not pursue an action directly against Allstate because such an action was prohibited by Black's insurance contract and by Utah law. Allstate maintained that Black's action against Allstate was based on a supposed duty on the part of Allstate, in its capacity as Gallagher's liability insurer, to settle Black's property damage claim. Allstate contended that, since Black was not a party to the insurance contract between Allstate and Gallagher, Allstate owed no duties to Black in processing his claim.

¶ 6 Black responded that his action was not against Allstate as the liability insurer of Gallagher. Rather, Black argued that when Gallagher submitted his claim for damages, Allstate, in its capacity as *Black's* liability insurer, had express and implied duties under its insurance contract with *Black* to act reasonably in investigating and processing the Gallagher claim against him. Black also brought his own motion for partial summary judgment in which he asked the district court to find that he was not negligent as a matter of law.

¶ 7 The district court granted Allstate's motion for summary judgment and denied Black's motion for partial summary judgment. Black then proceeded to a bench trial on his remaining claims against Gallagher, after which the court determined that Gallagher was 100 percent at fault. Black was awarded costs, as well as $4,050.00 in property damages. This judgment has been satisfied, and Gallagher is not a party to this appeal.

¶ 8 After the finding of fault, Black again tried to pursue his bad faith action against Allstate through a motion to alter, amend, or grant relief from judgment. The district court denied Black's motion, indicating that the previous grant of summary judgment in favor of Allstate had been with prejudice because Black was not a party to the relevant insurance contract and could not maintain a direct action against Allstate at any time. Black appeals. We have jurisdiction pursuant to Utah Code section 78–2–2(3)(j) (2002).

## STANDARD OF REVIEW

■ ¶ 9 "In reviewing a grant of summary judgment, an appellate court views 'the facts in a light most favorable to the losing party below' and gives 'no deference to the trial court's conclusions of law: those conclusions are reviewed for correctness.'" *Bearden v. Croft,* 2001 UT 76, ¶ 5, 31 P.3d 537 (quoting *Blue Cross & Blue Shield v. State,* 779 P.2d 634, 636–37 (Utah 1989)).

## ANALYSIS

¶ 10 At the outset, we recognize that this case is complicated by the fact that Allstate insures both Black and Gallagher under separate liability policies. In addition, both Black and Gallagher submitted claims to Allstate, not requesting payment under any coverage specified in their own policies, but requesting that Allstate cover their damages as the liability insurer of the other party: i.e., Black submitted a claim for his property damages to Allstate in its capacity as Gallagher's liability insurer (the "Black claim"), and Gallagher submitted a claim for his damages to Allstate in its capacity as Black's liability insurer (the "Gallagher claim"). Therefore, we must first determine whether Black has standing to bring a direct action against Allstate, and if so, we then consider what specific duties Allstate owed to Black. Finally, we address the issue of damages.

### I. STANDING

■ ¶ 11 We first address Allstate's argument that Black has no standing to bring an action against Allstate based on Allstate's liability determination in processing the Black and Gallagher claims. Allstate contends that, in its capacity as Gallagher's liability insurer, it owed no contractual or fiduciary duties to Black in handling the Black claim, and thus, Black has no standing to bring a direct action against Allstate. Allstate relies on those cases wherein we have held that the duties owed by an insurer are limited to those persons with whom the insurer has contractual privity. *See Sperry v.*

*Sperry,* 1999 UT 101, ¶ 7, 990 P.2d 381 ("Utah law clearly limits the duty of good faith to first parties to insurance contracts."); *Ammerman v. Farmers Ins. Exch.,* 19 Utah 2d 261, 263–64, 430 P.2d 576, 577 (1967) ("[T]he first problem presented is that at the time of the alleged wrong by the defendant [insurance] company it had no privity of contract with [the plaintiff] and therefore owed him no duty, so there could be no breach thereof."). Drawing on this principle, Allstate argues that Black is not a party to the relevant insurance contract. Allstate asserts that Black brought this action against Allstate due to its refusal to pay the Black claim. Consequently, Allstate maintains that, in the context of the Black claim, it acted as Gallagher's liability insurer and owed no duties to Black.

¶ 12 In support of its arguments, Allstate analogizes this case to the facts in *Sperry,* in which the plaintiff's son was killed in an automobile accident involving a vehicle driven by her husband. 1999 UT 101 at ¶ 3, 990 P.2d 381. Both the plaintiff and her husband were insured under an automobile policy issued by the defendant insurer. *Id.* The plaintiff filed a claim with the insurer against her co-insured husband for the wrongful death of their son and the insurance company offered settlement well below the policy limit. *Id.* at ¶ 4. The plaintiff then filed a complaint against her husband for wrongful death and also asserted causes of action against the insurance company for bad faith and misrepresentation based on its refusal to properly settle her claim. *Id.* at ¶ 5.

¶ 13 In *Sperry,* we determined that the plaintiff's "wrongful death claim [submitted to the insurer] was not based upon her own coverage but on [her husband's] liability coverage for negligence." *Id.* at ¶ 10. Thus, we concluded that the plaintiff could not be considered a party to the insurance contract for purposes of her bad faith action against the insurer since the insurer, in its capacity as the liability insurer of her husband, owed her no contractual good faith duties to settle her claim. *Id.* at ¶ 11; *see also Pixton v. State Farm Mut. Auto. Ins. Co.,* 809 P.2d 746, 749–50 (Utah Ct.App.1991) (holding that an insurer, which insures a tortfeasor under a liabili-ty policy, has no obligation of good faith and fair dealing to an injured third party, even where the injured third party also carries a separate policy with the insurer).

¶ 14 Allstate argues that, like the plaintiff in *Sperry,* Black, as the injured third party, has no standing to bring an action against Allstate based on Allstate's handling of the Black claim against its insured, Gallagher. Allstate contends that, when handling the Black claim, any duties it owed ran only to Gallagher by virtue of its role as Gallagher's liability insurer. Thus, Allstate concludes, and the district court agreed, that since Black is not a party to the relevant insurance policy between Allstate and Gallagher, Black cannot maintain an action against Allstate at any time because such an action is prohibited under Utah law. We disagree.

¶ 15 Although Allstate's reasoning may be correct with regard to its handling of the Black claim against Gallagher, Allstate mischaracterizes the nature of Black's cause of action. In viewing Black's complaint in this case, it is clear that Black does not take issue with Allstate's conduct in processing his claim against Gallagher. Rather, Black argues that Allstate breached the duties it owed to him in handling Gallagher's claim against him. Black pleaded in his complaint that, when processing the Gallagher claim, Allstate breached duties it owed to Black by "failing to adequately investigate the facts of the accident and by unreasonably determining that [Black] was primarily at fault." Black asserted that he had "been damaged by ... Allstate's breach by increased premiums paid due to Allstate's erroneous assessment," and suffered "losses due to decreased insurability because of the improperly allowed claim on his driving record."

¶ 16 When handling the Gallagher claim, Allstate acted in its capacity as Black's liability insurer and, therefore, potentially owed duties to Black based on Black's insurance policy. Hence, Black properly asserted a cause of action against Allstate based on his own contractual relationship with Allstate, and not on any alleged mishandling of the Black claim, which would only have implicated Allstate's contractual relationship with

Gallagher.[2] Accordingly, we next consider what duties Allstate owed to Black in handling Gallagher's claim against him.

## II. DUTIES OWED BY INSURER

¶ 17 In *Beck v. Farmers Insurance Exchange,* 701 P.2d 795 (Utah 1985), we described some of the duties owed by an insurer to its insured, which duties depend, to some extent, on the type of coverage the insured has under his insurance policy. In that case, we distinguished between two types of insurance coverage: first-party coverage, which refers to "an insurance agreement where the insurer agrees to pay claims submitted to it by the insured for losses suffered by the insured," and third-party coverage, which refers to an agreement wherein "the insurer contracts to defend the insured against claims made by third parties against the insured and to pay any resulting liability, up to the specified dollar limit." *Id.* at 799 n. 2.

¶ 18 In this case, Black's insurance policy included both types of insurance coverage. The present action, however, arises only in connection with Black's liability, or third-party, coverage. Under Black's liability coverage, Allstate promises, "We will defend an insured person sued as the result of a covered auto accident, even if the suit is groundless or false. We will choose the counsel. We may settle any claim or suit if we believe it is proper." Further, under the heading "Assistance and Cooperation," Allstate requires that "[w]hen we ask, an insured person must cooperate with us in the investigation, settlement, and defense of any claim or lawsuit."

¶ 19 In *Beck,* we held that "as parties to a contract, the insured and the insurer have parallel obligations to perform the contract in good faith, obligations that inhere in every contractual relationship." 701 P.2d at 801. We stated that this "implied obligation of good faith performance contemplates, at the very least, that the insurer will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling the claim." *Id.* We explained that "[t]hese performances are the essence of what the insured has bargained and paid for, and the insurer has the obligation to perform them. When an insurer has breached this duty, it is liable for damages suffered in consequence of that breach." *Id.*

¶ 20 Although in *Beck* we specifically described this duty in the context of first-party insurance coverage, that is, where the insurer handles a claim submitted to it by its own insured, we see no reason why a similar duty should not apply with respect to the insured when the insurer deals with a claim submitted to it by a third party. When an insurer processes a claim, whether it be from its own insured or from a third party requesting coverage under the insured's liability policy, the insurer must act in good faith with respect to its own insured. In previous cases before this court, we have addressed the good faith duty owed by an insurer to its insured when negotiating settlement of and defending claims brought by third parties. *See, e.g., Sperry v. Sperry,* 1999 UT 101, ¶ 11, 990 P.2d 381; *Beck,* 701 P.2d at 799–800; *Ammerman v. Farmers Ins. Exch.,* 19 Utah 2d 261, 264–66, 430 P.2d 576, 578–79. In addition to these duties, we hold today that claims submitted by third parties must be diligently investigated to determine their validity and then reasonably evaluated in light of all the facts. This is a duty the insurer

2. Allstate also argues that the language in both Black's and Gallagher's insurance policies, which states that "no one has the right to join [Allstate] in a suit to determine legal responsibility," precludes Black's cause of action in this case. However, the language of the policy, when read in context, clearly refers to a situation where an injured third person attempts to implead Allstate in an action against the insured tortfeasor in order to determine who bears the responsibility for payment of any resulting judgment. As described above, Black did not implead Allstate in his action against Gallagher in order to determine whether Allstate bore any "legal responsibility" for his damages resulting from the accident, but rather, Black brought a direct action against Allstate for breach of the contractual duties it owed to Black when processing the Gallagher claim. In other words, in his action against Allstate, Black does not stand in the position of an injured third party, but is a first party to the insurance contract and may sue Allstate for breach of any duties required under that contract.

owes to its insured by virtue of the insurance policy. Hence, in handling the Gallagher claim against Black, its insured, Allstate at least had an obligation to Black to diligently investigate the facts, and then act fairly and reasonably in evaluating and settling the claim.[3]

¶ 21 We note that this duty to investigate and reasonably evaluate a third-party claim does not require that the insurer's evaluation ultimately prove to be correct. For example, the fact that a different outcome is reached at a subsequent trial is not dispositive of whether the insurer breached its duty. Rather, whether an insurer discharges its duty in these instances hinges upon whether the investigation and subsequent resolution of the claim is fair and reasonable. This may depend upon various considerations, including, for example, the extent and availability of evidence, whether available evidence is collected and witnesses are contacted, common practice in the industry, and clarity of the evidence with regard to issues of liability.

¶ 22 Therefore, we hold that Black not only had standing to bring an action directly against Allstate under his own insurance policy, but that Black also properly asserted a breach of the duties owed to him by Allstate under that policy. Thus, summary judgment was inappropriate and we must remand to the district court for a determination of whether Allstate breached its duty of good faith as outlined above.

## III. DAMAGES FOR BREACH

¶ 23 We will now provide guidance on the type of damages that are appropriate in this case should the district court determine that there was a breach of Allstate's duty to investigate. To do so, we must address whether a breach of an insurer's duty to fairly investigate and evaluate a third-party claim gives rise to a cause of action in tort, or only one in contract.

¶ 24 In *Beck*, we addressed the type of damages available for an insurer's breach of duty in a first-party situation. We held that, under first-party coverage, "the duties and obligations of the parties are contractual rather than fiduciary," and that "[w]ithout more, a breach of those implied or express duties can give rise only to a cause of action in contract, not one in tort." *Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 800 (Utah 1985).

¶ 25 We also addressed in *Beck* the type of damages that may arise from an insurer's breach of duty with regard to third-party coverage. Specifically, we observed that "[i]n a third-party situation, the insurer controls the disposition of claims against its insured, who relinquishes any right to negotiate on his own behalf," and that "[a]n insurer's failure to act in good faith exposes its insured to a judgment and personal liability in excess of the policy limits." *Id.* at 799. By undertaking a duty to defend the insured, "the insurer incurs a fiduciary duty to its insured to protect the insured's interests as zealously as it would its own; consequently, a tort cause of action is recognized to remedy a violation of that duty." *Id.* (citing *Ammerman v. Farmer's Ins. Exch.*, 19 Utah 2d 261, 265–66, 430 P.2d 576, 578–79 (1967)). We explained that breach of this duty to defend may potentially "expose[ ][the] insurer[ ] to consequential and punitive damages awards in excess of policy limits." *Id.* at 800.

¶ 26 Black urges this court to find that Allstate breached its "duty to defend" by failing to adequately investigate the Gallagher claim. Black argues that the "duty to defend" clause in his insurance policy placed a "heightened, fiduciary duty upon Allstate to see that Black's best interests were protected" once the Gallagher claim was submitted. Accordingly, in addition to damages to compensate him for "increased premiums" and "decreased insurability," Black seeks "puni-

---

3. We observe that, in this case, because claims were submitted by both insureds, Allstate owed these duties simultaneously to both Black and Gallagher. In this type of situation, where an insurer owes potentially conflicting duties to more than one of its insureds, an insurer may find the services of an independent adjuster helpful in remedying any apparent conflict of interest. However, the use of an independent adjustor, while advisable, is not necessarily required in order for an insurer to demonstrate that it has fulfilled its good faith duty to investigate and fairly evaluate the claims.

tive damages in an amount not less than $25,000."

 ¶ 27 We do not agree with Black that tort damages are appropriate in this case. Instead, we conclude that, in the investigation phase of the Gallagher claim, Allstate's duties to Black were contractual rather than fiduciary. This conclusion rests on our determination that an insurer's "duty to defend" does not arise until a formal lawsuit has been commenced against the insured. Only upon the initiation of formal legal proceedings does the insurer undertake a fiduciary duty to defend its insured by appointing counsel and thereafter zealously protecting the interests of its insured in defending or negotiating settlement of the action. While we recognize that, in insurance matters, much of the negotiation and settlement of claims occurs prior to the filing of a formal complaint, during this pre-litigation phase, the insured has not yet "relinquishe[d] any right to negotiate on his own behalf." *Id.* at 799. Also, though an insurer's failure to settle the claim may lead to the commencement of formal legal proceedings against the insured, at this stage the insured has not yet been "expose[d] ... to a judgment and personal liability in excess of the policy limits." *Id.* Thus, prior to the filing of a formal lawsuit, breach of an insurer's duties in handling third party claims, without more, may give rise only to a cause of action in contract, not one in tort.

¶ 28 Limiting Black's recovery in this action to contractual damages does not leave him without a meaningful remedy for Allstate's breach. As we observed in *Beck,* "there is no reason to limit damages recoverable for breach of a duty to investigate, bargain, and settle claims in good faith to the amount specified in the insurance policy." *Id.* at 801. We stated that "[d]amages recoverable for breach of contract include both general damages, i.e., those flowing naturally from the breach, and consequential damages, i.e., those reasonably within the contemplation of, or reasonably foreseeable by, the parties at the time the contract was made." *Id.* (citations omitted). We recognized that "consequential damages for breach of contract may reach beyond the bare contract

terms," indicating that "[a]lthough the policy limits define the amount for which the insurer may be held responsible in performing the contract, they do not define the amount for which it may be liable upon a breach." *Id.* Thus, while Black will be unable to recover punitive damages in this case, he may recover both general and consequential damages, which could conceivably exceed the amount of his policy limit.

## IV. DENIAL OF BLACK'S MOTION FOR PARTIAL SUMMARY JUDGMENT

¶ 29 Black also appeals the district court's denial of his motion for partial summary judgment. In his motion, Black sought a determination, based on the undisputed facts of the accident and the law and rules of traffic regulation, that Black was not negligent and that Allstate's determination of fault was erroneous as a matter of law. Because the issue of liability between Black and Gallagher was subsequently decided at trial, the issues raised by Black in his partial summary judgment motion have been rendered moot, and we will not address them on appeal.

## CONCLUSION

¶ 30 We remand to the district court for a determination of whether Allstate breached the implied contractual duty of good faith performance that it owed to Black to diligently investigate and fairly evaluate the Gallagher claim and for a determination of damages, if appropriate.

¶ 31 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Justice DURRANT's opinion.