2007 UT App 340

John BAXTER, Plaintiff and Appellant,

v.

SAUNDERS OUTDOOR ADVERTISING, INC., a corporation, Defendant and Appellee.

No. 20060820–CA.

Court of Appeals of Utah.

Oct. 18, 2007.

Gregory B. Wall and Kimberly Hammond, Salt Lake City, for Appellant.

Scott W. Holt, Layton, for Appellee.

Before GREENWOOD, Associate P.J., DAVIS and McHUGH, JJ.

## OPINION

McHUGH, Judge:

¶ 1 Plaintiff John Baxter appeals the trial court's denial of his motion for summary judgment and grant of Defendant Saunders Outdoor Advertising, Inc.'s motion for summary judgment. We affirm in part and reverse in part.

## BACKGROUND

¶ 2 On February 14, 2000, Baxter and Robert Saunders, an officer of Saunders Outdoor Advertising, Inc. (Saunders), signed a lease agreement (the Lease) in which Baxter granted Saunders the right to use his building "for the purpose of erecting and maintaining outdoor advertising signs and other advertising media." The annual rental rate was $6600, which Saunders was to pay in monthly increments of $550. Although a billboard already existed on Baxter's building, the parties agreed that Saunders would remove the existing billboard and erect a new billboard. According to the Lease, Saunders paid $5000 for "the right to tear down [the] existing sign," and Saunders agreed to "rebuild[ ] the present sign into a 14′ × 48′ billboard sign." The Lease also stated, "This lease is subject to Lessee [Saunders] obtaining state and local approval for location of advertising structures and is cancelable by Lessee if such consent is not obtained." The Lease was to "commence upon completion of the installation of the structure which is the subject matter of this lease agreement but not commenc[e] later than pending permits 12–1–00 or longer if need be pending permits."

¶ 3 It is undisputed that over the next several years, Saunders used the existing billboard for advertising and never removed the original billboard as required by the Lease. Saunders also refused to pay Baxter rent for use of the existing billboard. In response, Baxter brought the present unlawful detainer action under Utah Code section 78–36–3(1)(e). *See* Utah Code Ann. § 78–36–3(1)(e) (Supp.2007). Saunders counterclaimed to recover the $5000 it paid to Baxter for the removal of the old billboard. Both parties filed motions for summary judgment.

¶ 4 In its affidavit in opposition to Baxter's motion for summary judgment, Saunders alleged that Baxter prevented Saunders from tearing down the existing sign and from obtaining the necessary permits for the new sign. In response to an interrogatory, however, Richard Saunders, a Saunders employee, stated, "John Baxter[ ] never did stop me from tearing down the old structure, I simply was not going to go to the expense of tearing [ ]down the old sign and build a new one and have John own it." Baxter alleged in his reply affidavit in support of his motion for summary judgment that he did not prevent Saunders from obtaining a building permit, removing the old sign, or erecting the new sign.

¶ 5 The trial court denied Baxter's motion for summary judgment but granted Saunders's motion for summary judgment, ruling that the Lease "provided for rent to start only after a billboard sign had been built and that said structure had never been erected." After the summary judgment was granted in favor of Saunders, the trial court denied a motion by Baxter to dismiss Saunders's counterclaim for return of the $5000 paid for the right to tear down the existing sign.

Several months later, Saunders filed a motion for the voluntary dismissal of its counterclaim, which motion was granted. Baxter now appeals.

## ISSUES AND STANDARD OF REVIEW

■ ¶ 6 Baxter challenges the trial court's orders denying his motion for summary judgment and granting summary judgment in favor of Saunders. Summary judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c). "We review the trial court's summary judgment for correctness, considering only whether the trial court correctly applied the law and correctly concluded that no disputed issues of material fact existed." *Hermansen v. Tasulis*, 2002 UT 52, ¶ 10, 48 P.3d 235. In addition, "[w]hen we review a grant of summary judgment, we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *Id.* (internal quotation marks omitted).[1]

■ ¶ 7 Baxter also argues that the trial court erred by denying his motion to dismiss Saunders's counterclaim. Because Saunders later voluntarily dismissed the counterclaim, any issues relating to the failure to grant Baxter's motion to dismiss are moot and we do not address them here. *See, e.g., State v. Gonzales*, 2005 UT 72, ¶ 46, 125 P.3d 878 (holding that defendant's argument that trial court erred in ruling that defense counsel had a conflict of interest was moot where trial court did not remove counsel); *Black v. Allstate Ins. Co.*, 2004 UT 66, ¶ 29, 100 P.3d 1163 (providing that where issues raised in partial summary judgment were subsequently determined at trial, claim that trial court erred in denying partial summary judgment was moot).

## ANALYSIS

¶ 8 Baxter contends that the trial court erred by denying his motion for summary

judgment and by granting Saunders's motion for summary judgment. Because the grant of Saunders's motion for summary judgment ultimately resolved the case below, we address that ruling first.

¶ 9 Under Utah's unlawful detainer statute,

> [a] tenant of real property, for a term less than life, is guilty of an unlawful detainer: ... when he continues in possession ... after a neglect or failure to perform any condition or covenant of the lease or agreement under which the property is held ... and after notice in writing requiring in the alternative the performance of the conditions or covenant or the surrender of the property, served upon him ... remains uncomplied with for three calendar days after service.

Utah Code Ann. § 78–36–3(1)(e) (Supp.2007); *see also Olympus Hills Shopping Ctr., Ltd. v. Smith's Food & Drug Ctrs., Inc.*, 889 P.2d 445, 460–61 (Utah Ct.App.1994). Thus, a necessary element of Baxter's unlawful detainer claim is that Saunders failed to perform a condition or covenant required by the Lease.

¶ 10 The trial court granted Saunders's motion for summary judgment because it determined that the Lease required Saunders to pay rent only after the new billboard was built on Baxter's property. The court therefore held that the construction of the new billboard was a condition precedent to Saunders's duty to pay rent to Baxter. *See McBride–Williams v. Huard*, 2004 UT 21, ¶ 13, 94 P.3d 175 (defining condition precedent as "an act or event, other than a lapse of time, that must exist or occur before a duty to perform something promised arises" (internal quotation marks omitted)). After granting summary judgment to Saunders, the trial court did not return possession of the billboard to Baxter because Baxter brought only a cause of action for unlawful detainer in his complaint. Indeed, Baxter's remedies were limited because he brought

---

1. Baxter further argues that the trial court violated his right to due process. We decline to reach this issue because it is inadequately briefed. *See* Utah R.App. P. 24(a)(9). Although Baxter cites the relevant constitutional provisions, "[a]nalysis of what this authority requires and of how the facts of [Baxter's] case satisfy these requirements [is] wholly lacking." *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998).

only one cause of action. *See, e.g., U.P.C., Inc. v. R.O.A. Gen., Inc.*, 1999 UT App 303, ¶ 4, 990 P.2d 945 (alleging trespass, unlawful detainer, intentional interference with potential economic relations, and unfair practices for failure to remove billboard foundation upon termination of lease); *Jarman v. Reagan Outdoor Adver. Co.*, 794 P.2d 492, 494 (Utah Ct.App.1990) (alleging trespass against lessee for relocating billboards on lessor's property).

 ¶ 11 When interpreting a contract, such as the Lease, we "first look[ ] to the contract's four corners to determine the parties' intentions, which are controlling.[2] If the language within the four corners of the contract is unambiguous ... [we] determine[ ] the parties' intentions from the plain meaning of the contractual language as a matter of law." *Fairbourn Commercial, Inc. v. American Hous. Partners, Inc.*, 2004 UT 54, ¶ 10, 94 P.3d 292 (omission in original) (internal quotation marks omitted). However, "[a] lease agreement, like any contract, is ambiguous if it is capable of more than one reasonable interpretation because of uncertain meanings of terms, missing terms, or other facial deficiencies." *Nielsen v. Gold's Gym*, 2003 UT 37, ¶ 7, 78 P.3d 600 (internal quotation marks omitted). "When determining whether a contract term is ambiguous, the court is not limited to the contract itself. Relevant, extrinsic evidence of the facts known to the parties at the time they entered the [contract] is admissible to assist the court in determining whether the contract is ambiguous." *Id.* (alteration in original) (citations and internal quotation marks omitted); *see also Jarman*, 794 P.2d at 494 (stating that where billboard lease was ambiguous, parol evidence was admissible to determine intent of the parties).

 ¶ 12 The Lease states: "It is agreed that the terms of this lease shall commence upon completion of the installation of the structure which is the subject matter of this lease agreement. . . ." We agree with the trial court that the plain and unambiguous terms of the Lease make construction of the new sign a condition precedent to the Lease. However, the Lease also states: "This lease is subject to Lessee [Saunders] obtaining state and local approval for location of advertising structures and is cancelable by Lessee if such consent is not obtained." If Saunders had the burden of obtaining the permit, it was required to reasonably and in good faith attempt to fulfill that condition. "[T]he parties to a contract are obliged to proceed in good faith to cooperate in performing the contract in accordance with its expressed intent." *Brown's Shoe Fit Co. v. Olch*, 955 P.2d 357, 366 (Utah Ct.App.1998) (internal quotation marks and emphasis omitted); *see also Keith Jorgensen's, Inc. v. Ogden City Mall Co.*, 2001 UT App 128, ¶ 22, 26 P.3d 872 ("Under the covenant of good faith and fair dealing, parties to a contract impliedly promise not to intentionally or purposely do anything which will destroy or injure the other party's right to receive the fruits of the contract. To comply with the covenant, a party's actions must be consistent with the agreed common purpose and the justified expectations of the other party." (citation and internal quotation marks omitted)).

 ¶ 13 The record reveals that the parties are sharply divided on the reasons behind Saunders's failure to remove the old sign, to obtain the necessary permits for the new sign, and to construct the new sign. Saunders claims that Baxter prevented it from performing its duties, while Richard Saunders, a Saunders employee, admitted otherwise: "John Baxter[ ] never did stop me from tearing [ ]down the old structure." Furthermore, Baxter asserts that he did nothing to hinder Saunders from removing the old sign, obtaining the permits, or constructing the new sign.[3]

---

2. Because neither party argued before the trial court or to this court that the contract was not integrated, we assume without deciding that the written lease was the complete agreement of the parties. *Cf. Bennett v. Huish*, 2007 UT App 19, ¶ 15, 155 P.3d 917 ("In determining whether the writing was intended by the parties to be a complete expression of the agreement, parol evidence, indeed any relevant evidence, is admissible.").

3. Indeed, Saunders seems to dispute that it had the obligation to obtain the permits, instead arguing on appeal that neither party did anything to obtain the necessary permits.

¶ 14 This factual dispute is material because if Saunders had a duty to make reasonable, good faith efforts to obtain the permit but failed to do so, it cannot rely on the failure of that condition as a defense to the obligation to pay rent. Indeed, " 'no one can avail himself of the non-performance of a condition precedent, who has himself occasioned its non-performance.' " *Pack v. Case*, 2001 UT App 232, ¶ 25 n. 8, 30 P.3d 436 (quoting *Hertz v. Nordic Ltd.*, 761 P.2d 959, 963 (Utah Ct.App.1988)).

¶ 15 On the other hand, if Baxter interfered with Saunders's efforts to obtain the permit, Saunders would be entitled to rely on the failure of the condition precedent as a defense to payment of rent pursuant to the lease. *See Ferris v. Jennings*, 595 P.2d 857, 859 (Utah 1979) ("[O]ne party to a contract cannot by willful act or omission make it impossible or difficult for the other to perform and then invoke the other's non-performance as a defense."); 17A Am.Jur.2d *Contracts* § 687 (2005) ("A party may not hinder, delay, or prevent the occurrence of a condition for the purpose of avoiding performing the contract, or rely on that failure to excuse his or her own failure to perform." (footnote omitted)). In short, the resolution of the factual dispute over who, if anyone, was responsible to obtain the permits and why the condition precedent was not performed, is critical to the question of whether Baxter was entitled to rent under the unlawful detainer statute. As such, summary judgment was improper.

## CONCLUSION

¶ 16 We affirm the trial court's denial of Baxter's motion to dismiss Saunders's counterclaim because the issue is moot. However, the trial court's grant of Saunders's motion for summary judgment was improper because genuine issues of material fact remain.[4] We therefore reverse and remand for further proceedings consistent with this opinion.

¶ 17 I CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge.

DAVIS, Judge (dissenting):

¶ 18 I agree with the legal analysis of the majority opinion. I disagree, however, with the majority's interpretation of the single lease sentence, on which the entire analysis is based, providing that the agreement was "subject to" Saunders obtaining the approval for the advertising signs. I believe that the plain meaning of the "subject to" language is that the parties' obligations under the lease are contingent or conditional upon an event that may or may not happen. *See Webster's Ninth New Collegiate Dictionary* 1174 (1986) (defining the word "subject" as "contingent on or under the influence of some later action"). The plain meaning of that language imposes no duty on Saunders to obtain the approval on which the lease was conditioned. Nor do I believe that the implied covenant of good faith and fair dealing can be used to impose such a duty—a duty to which the parties did not expressly agree in their written lease. *See Oakwood Vill. LLC v. Albertsons, Inc.*, 2004 UT 101, ¶ 45, 104 P.3d 1226 ("While a covenant of good faith and fair dealing inheres in almost every contract, some general principles limit the scope of the covenant.... First, this covenant cannot be read to establish new, independent rights or duties to which the parties did not agree ex ante. Second, this covenant cannot create rights and duties inconsistent with express contractual terms. Third, this covenant cannot compel a [party to a contract] to exercise a contractual right 'to its own detriment for the purpose of benefitting another party to the contract.' Finally, we will not use this covenant to achieve an outcome in harmony with the court's sense of justice but inconsistent with the express terms of the applicable contract." (citations omitted)). Thus, I would affirm the trial court's grant of summary judgment in favor of Saunders.

---

4. Because we conclude that summary judgment was improper with respect to Saunders's motion, we likewise conclude that genuine issues of material fact prevented the entry of summary judg-

ment for Baxter. Thus, the trial court's order denying Baxter's motion for summary judgment is affirmed.